IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MELVIN ANDERSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-580 |
| WARDEN, FCC BEAUMONT | § | |

REPORT AND RECOMMENDATION

Petitioner, Melvin Anderson, an inmate confined at FCC Beaumont, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

On October 15, 1987, Petitioner was indicted for the first degree murder of Sandy McCall which occurred on the Fort Benning Military Reservation. *Anderson v. United States*, 2009 WL 44705 (M.D. Ga. Jan. 5, 2009). Petitioner pleaded not guilty to the indictment on December 21, 1987. *Id*. On March 1, 1998, Petitioner waived indictment and pleaded guilty to an information charging him with second degree murder. *Id*. Petitioner was sentenced to life imprisonment. *Id*. Petitioner has filed numerous post-conviction motions relating to this conviction and sentence.[1]

---

[1] *See, e.g., Anderson v. Henman*, 1993 WL 188277 (D. Kan. 1993), *Anderson v. United States*, 2005 WL 2277484 (M.D. Ga. 2005), *United States v. Anderson*, 2007 WL 2484311 (M.D. Ga. 2007). These cases outline Petitioner's litigation history with respect to his criminal conviction and sentence and parole.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S. § 2241, on December 8, 2022 (doc. #1). Petitioner appears to challenge a disciplinary conviction and the denial of parole, asserting the following points of error.

1. The Commission lacked subject matter jurisdiction to hold any statutory interim parole hearing on 9/16/21 for mandatory parole release without first resolving Anderson [sic] petition to reopen his parole case for new information of substantial significant received in the Commission office on 2/3/2020;

2. Anderson 5/26/21 statutory interim parole hearing date were [sic] deliberately cancelled to add another incident report to be heard by the DHO for an infraction Anderson did not commit only to find Anderson guilty to deny his mandatory parole release;

3. The incident report #3489245 charging destroying government property value over $100.00 code 218 were never investigated, is based on false and erroneous information and the incident report was rewrote in an attempt to state a claim that is refuted by the surveillance video of the incident report and eyewitness affidavit;

4. The Parole Commission on 10/21/21 failed to comply with the standard for mandatory parole release pursuant to 18 USC section 4206(d).

*Id*. For relief, Petitioner requests that the court expunge incident report 3489245, resolve his motion to reopen on the merits, vacate the notice of action, and immediately grant him mandatory parole release. *Id*.

<u>Motion to Dismiss, or in the Alternative, Motion for Summary Judgment</u>

Respondent was ordered to show cause and filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment on March 2, 2023 (doc. #s 3 & 6). Respondent argues Petitioner's claim that he was denied mandatory parole should be dismissed as an abuse of the writ, that Petitioner was afforded all due process under *Wolff* and the evidentiary standard for disciplinary cases was satisfied, that the Parole Commission properly held the September 2021 hearing, and that

the Parole Commission did not abuse its discretion by denying mandatory parole. Petitioner has yet to file a Reply.[2]

Respondent relies on the following evidence in support of the Motion for Summary Judgment.

| | |
|---|---|
| **Exhibit A:** | **Declaration of Kimberly Sustaita** |
| Attachment 1: | Disciple Hearing Officer Report |
| Attachment 2: | Incident Report |
| Attachment 3: | Photographs & Replacement Cost Form |
| Attachment 4: | Notice of Discipline Hearing Before DHO |
| Attachment 5: | Administrative Remedy Generalized Retrieval Print-outs |
| Attachment 6: | Administrative Remedy Generalized Retrieval Print-outs continued |
| Attachment 7: | Administrative Remedy Generalized Retrieval Print-outs continued |
| **Exhibit B:** | **United States Parole Commission Certificate** |
| Attachment 1: | Mandatory Parole Hearing and Prehearing Summary |
| Attachment 2: | Notice of Action |
| Attachment 3: | Notice of Action on Appeal |
| Attachment 4: | Non-Revocation Pre-Hearing Assessment and Hearing Summary |
| Attachment 5: | Notice of Action |
| Attachment 6: | Notice of Action |

---

[2] Petitioner did seek a continuance to conduct discovery (doc. #8) which will be addressed below.

| | |
|---|---|
| Attachment 7: | January 11, 2020 Letter from Melvin Anderson |
| Attachment 8: | February 10, 2020 Letter from Melvin Anderson |
| Attachment 9: | May 22, 2020 Letter from Parole Commission |
| Attachment 10: | Notice of Hearing-Parole Application Representative and Disclosure Request |
| Attachment 11: | Non-Revocation Pre-Hearing Assessment and Hearing Summary |
| Attachment 12: | Notice of Action |
| Attachment 13: | Appeal |
| Attachment 14: | Appeal Notice of Action |
| Attachment 15: | September 18, 2022 Letter from Melvin Anderson |
| Attachment 16: | November 16, 2022 Letter from Parole Commission |
| **Exhibit C:** | **Relevant Case Law** |

Standard of Review

*Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge their claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins.*

*Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 35 (5th Cir. 2004) (internal quotation marks and citations omitted).

*Motion for Summary Judgment*

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the court must consider the records as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The court may not weigh the evidence or evaluate the credibility of witnesses. *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." FED. R. CIV. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary

judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec., Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

Analysis

*The Disciplinary Hearing*

Absent atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Loss of commissary, telephone, and visiting privileges do not trigger due process protections. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Furthermore, imposition of solitary confinement, or disciplinary segregation, absent atypical punishment, does not trigger due process protection. *Wilkinson v. Austin*, 545 U.S. 209, 125 (2005).

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time. *Wolff v. McDonnell*, 418 U.S. 539 (1974). When a prisoner has a liberty interest in good time credit,

6

revocation of such credit must comply with minimal procedural requirements. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

The due process that an inmate must receive in a disciplinary hearing is (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case, and (4) some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears complex. *Henson*, 213 F.3d at 898; *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993); *Wolff*, 418 U.S. at 563-66.

As argued by Respondent, Petitioner was afforded all the due process protections as contemplated by *Wolff*. The competent summary judgment evidence shows Petitioner was given a copy of the Incident Report No. 3489245 from W. Plake on March 31, 2021, at 3:40 pm. Exhibit A, ¶ 3; Attachment 2. The investigating lieutenant read Petitioner his rights at that time and Petitioner acknowledged he understood his rights. Attachment 2. Petitioner elected to remain silent. *Id*. At the conclusion of the investigation, Lieutenant W. Plake found the charge of Destroying Property Over $100 to be accurate and appropriate, and then forwarded it to the Unit Disciplinary Committee ("UDC") for further consideration. *Id*.

The UDC hearing for the Incident Report No. 3489245 was held April 2, 2021. *Id*., ¶ 5; Attachment 2. Petitioner appeared at the UDC Hearing and contested the DHO's authority to conduct a hearing, arguing he was illegally detained. *Id*. Petitioner also stated, "I asked for protective custody and didn't get it. I needed attention and didn't get it." *Id*. After the UDC

reviewed the incident report, the committee referred the report to the DHO based on the severity of the alleged disciplinary code violation. *Id.*; Attachment 2.

The disciplinary hearing was held on April 30, 2021, at 10:08 a.m.. Exhibit A, ¶ 6, Attachment 1. Thus, Petitioner received written notice of the charges well in advance of the twenty-four hours dictated by *Wolff*. The DHO confirmed Petitioner understood his due process rights and that he received a copy of the incident report. *Id*. Petitioner requested a staff representative and Education A. Brooks appeared in person on Petitioner's behalf. *Id*. Petitioner ultimately admitted the charges and waived his right to present witnesses and documentary evidence. *Id*.

The DHO relied on the Incident Report and attached photographs. *Id*. The DHO found Petitioner guilty, reporting the following specific evidence relied on to support the findings:

> The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did want a staff representative, did not want to call witnesses and had no documentary evidence to present. The inmate understood his due process rights and was ready to proceed with the disciplinary process.
>
> On March 31, 2021 at 0955 I Officer K. Barnes was assigned as the Unit CA #2 Unit Officer. I escorted inmate Anderson, Melvin, Reg. No. 82106-020 from the Unit front door back to his assigned cell 117. As I was escorting inmate Anderson back to his cell, inmate Anderson asked to speak to the Unit Counselor. I told inmate Anderson the Unit Counselor would be making rounds today. Inmate Anderson then stated, "They have until 1:00 pm to come and speak with me before I act out." I placed inmate Anderson back in his assigned cell 117, then secured the door. As I was walking away from the cell I heard a loud hit/knock on the cell window of cell 117 CA Unit. I then seen inmate Anderson strike the cell door window a second time which busted the glass window. I notified the Operations Lieutenant by phone and advised him what had happened. Inmate Anderson was place [sic] in hand restraints by the Operations Lieutenant and compound, then escorted out of Unit CA. This violates the Inmate Discipline Program Hand book, Code 218 (Destroying property over $100). This type of behavior poses a risk to the secure and orderly running of a BOP facility and will not be tolerated. Inmate Anderson was positively identified by his inmate bed-book card, and through the Truescope application. This is a rewrite.

8

> You appeared before the DHO and made the following statement: I did not break the window but, I take responsibility for it. You have no authority to hold no hearing over me. I told my cellmate to break the window but I take responsibility for it. The system is trying to kill me.
>
> You requested Education A Brooks as a staff representative. He appeared in person at your DHO hearing and made the following statement: I have explained to him that you were only concerned with the broken window and section 11 of the incident report. The camera was reviewed and showed the staff member was at the cell next door when the window was broke.
>
> The DHO is convinced that you Anderson, Melvin Register Number 82106-020 did commit the prohibited act of Damaging Government Property in violation of Code 218. The DHO based her decision on the greater weight of the evidence. You claimed responsibility for the broken window to the DHO. The DHO further reviewed the documentary evidence presented in section III which shows the damage to cell which include the broken window as well as the cost to replace these items. This type of behavior will not be tolerated.

*Id*.

As punishment, Petitioner was sanctioned with monetary restitution of $296.91 and one day of disciplinary segregation. *Id*. Petitioner was advised of his right to appeal and was provided a written copy of the DHO Report on May 4, 2021. *Id.* As outlined above, Petitioner appealed his conviction, which was denied at both the Regional Administrative Remedy level and Central Office level. *Id*., Attachment 5.

In reviewing prison administrative actions, the findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982). "The federal courts cannot assume the task of retrying all disciplinary disputes." *Smith*, 659 F.2d at 545. Accordingly, federal courts do not review a DHO's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by a "modicum

of evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). The federal court is not required to examine the entire record, independently assess the credibility of witnesses or weigh the evidence to determine whether there is sufficient evidence to support the factual findings of the DHO. *Hill*, 472 U.S. at 455.

In the present case, the DHO acted under the applicable regulation, 28 C.F.R. § 541.8(f), which states, "[t]he DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence." *Id*. In this case, the DHO considered the staff member's eyewitness account of the incident and the written report, the Petitioner's statement that he took responsibility for the incident, and then based her decision on the greater weight of the evidence.

Based on the foregoing, the undersigned concludes that Petitioner's disciplinary proceeding was consistent with the requirements of due process, and the decision of the DHO was supported by at least "some evidence." Petitioner's assertions that the incident was never investigated and the allegations made against him were refuted by surveillance video and eyewitness testimony are clearly refuted by the record before the DHO and this court. The decision will not be overturned.

*Parole Hearings*[3]

In a June 12, 2019, Notice of Action dated filed by the Parole Commission, the Parole Commission informed Petitioner that as a result of a hearing conducted March 25, 2019, it was determined that there would be no change in the previous decision to deny mandatory parole. The reasons given were:

---

[3] The court refers to Civil Action No. 1:19cv530 for a prior habeas petition filed by Petitioner concerning the Parole Commission's decision to deny him parole in prior hearings.

> The Commission continues to find that you seriously violated the rules of the institution based on your 16 prior incident reports including assaulting a correctional officer and threatening to kill a correctional officer. In addition, testimony you provided at the hearing would indicate that you do not take full responsibility for your criminal acts and thus there is a reasonable probability that you will commit a new crime.

Exhibit B, Notice of Action (doc. #6-2, p. 25). Petitioner was then scheduled for a statutory interim hearing in March 2021 which was eventually postponed. *Id*. Petitioner's appeal was denied. *Id*., pp. 27-28. Petitioner then sought to reopen the June 12, 2019, case on January 11, 2020 and February 10, 2020. *Id.*, Attachment 7 - 11. In the Notice of Action dated October 21, 2021, relating to the September 16, 2021 hearing, the following was noted for the reasons in making no change in the previous decision to deny two thirds parole[4] and continue to expiration:

> After consideration of all factors and information presented, at this time, the Commission is denying your release under the standards at 18 U.S.C. § 4206(d) for the following reasons: The Commission continues to find that you seriously and frequently violated the rules of the institution based on your 16 prior incident reports, which included infractions for assaulting a Correctional Officer and threatening to kill another Correctional Officer. Additionally, since your last hearing in March 2019, you were found guilty by the Discipline Hearing Officer of Destroying Property over $100. You also continue to minimize you role in your offense conduct, thus do not take full responsibility for your actions. There is a reasonable probability that you will commit another crime if released.

Exhibit B, Attachment 12, Notice of Action (doc. #6-2, p. 67).

To the extent Petitioner asserts the Parole Commission lacked subject matter jurisdiction in conducting the September 16, 2021, statutory interim parole hearing as they did not resolve his timely filed petition to reopen his June 12, 2019, case, any such claim lacks merit.

"Upon the receipt of new information of substantial significance favorable to the prisoner, including medical information, or other extraordinary and compelling information, a Commissioner

---

[4] *See infra*, pg. 13.

may reopen a case, and order a special reconsideration hearing on the next available docket, or modify the previous decision." 28 C.F.R. § 2.28(a). This regulations gives the Parole Commission discretionary authority to consider new information that would have resulted in a different decision had the information been presented at the time of the hearing. *Goble v. Matthews*, 814 F.2d 1104, 1108 (6th Cir. 1987). By its plain language, the regulation is discretionary. *Proctor v. U.S. Parole Comm'n*, 585 F. Supp. 265, 269 n. 10 (S.D.N.Y. 1984) ("[I]t is within the discretion of the Regional Commissioner alone to reopen or not reopen a case."); *see also Marquez-Perez v. Rardin*, 221 F.3d 1139, 1141 (9th Cir. 2000); *Hayes v. Jenkins*, No. 85-CV-2499, 1985 WL 2398, at *1 (N.D. Ill. Aug. 20, 1985) ("As the 'may' language of the regulation indicates, the decision to reopen a case is discretionary.").

> As stated by the Parole Commission in a November 16, 2022 letter to Petitioner:
>
> The USPC is in receipt of your letter dated 9/18/2022. This is to advise you that all the concerns you raise were addressed in the notice of action on appeal dated 7/20/2017, reiterated in the notice of action on appeal dated 8/2/2019, and address in your unsuccessful challenge to the U.S. Parole Commission's decision in Melvin Anderson v. Charles Daniels, Warden, USP Beaumont, Civ. No. 1:19-cv-005530, aff'd, 2022 WL 4103273 (5th Cir. 2022).
>
> Thus, the Parole Commission retained jurisdiction to conduct your hearing in 2021 and no further action will be taken in your case.

Exhibit B, Attachment 16 (doc. #6-2, p. 83). Thus, Petitioner's letters did not contain any "new information of substantial significance favorable to the prisoner." 28 C.F.R. § 2.28(a). The Parole Commission was, therefore, within its discretion in denying to reopen the June 2019 case and proceed with the September 2021 interim hearing.

Moreover, the Parole Commission did not abuse its discretion in denying mandatory parole. According to 18 U.S.C. § 4206(d), an inmate who serves thirty years of a life sentence shall be released on mandatory parole unless the Commission makes specified findings after a hearing:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however,* that the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d) (emphasis in original).

United States Parole Commission decisions are subject to judicial review only in cases in which the decision is alleged to be so arbitrary and capricious as to be beyond the Commission's broad discretion. *Van Etten v. United States Parole Comm'n*, 96 F.3d 144, 145 (5th Cir. 1996); *Brown v. Lundgren*, 528 F.2d 1050, 1054 (5th Cir. 1976), *cert. denied*, 429 U.S. 917. As long as due process requirements are observed and the Commission has acted within its statutory authority, a court will not usurp the Commission's position as established in the statutory scheme enacted by Congress. *Maddox v. United States Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987). The Commission's discretion regarding parole release decisions is very broad. *Kindred v. Spears*, 894 F.2d 1477, 1481 (5th Cir. 1990). A court cannot disturb the Commission's decision setting the time or parole release absent a showing that the action is flagrant, unwarranted, or unauthorized. *Maddox*, 821 F.2d at 1000; *Young v. United States Parole Comm'n*, 682 F.2d 1105, 1108 (5th Cir. 1982), *cert. denied*, 459 U.S. 1021. In reviewing the Commission's decision, the court asks whether there is some evidence in the record to support the Commission's decision. *Van Etten*, 96 F.3d at 145.

Petitioner, here, has failed to show the decision was arbitrary and capricious. *Van Etten,* 96 F.3d at 145; *Brown,* 528 F.2d at 1054. The conclusion is not "flagrant, unwarranted or unauthorized." *Maddox*, 821 F.2d at 1000; *Young*, 682 F.2d at 1108. The Commission had sufficient evidence to support its findings in denying parole. Petitioner has received the required statutory hearings and has been provided contemporaneous reports containing the clearly articulated reasons for its decision. There is sufficient evidence in the record to support the decisions. *Van Etten*, 96 F.3d at 145. The Commission's discretion regarding parole release is very broad and this court will not usurp the Commission's position as established in the statutory scheme enacted by Congress. *Maddox,* 821 F.2d at 1000; *Kindred,* 894 F.2d at 1481.

*Exhaustion*

To the extent Petitioner claims that the USPC improperly delayed his statutory interim parole hearing based on the incident report, this is the first time he has presented this argument in any claim before the Parole Commission. *Cf.*, Exhibit B, Attachments 12 & 14. Thus, he has not exhausted his administrative remedies with respect to this argument, and it cannot serve as the basis for judicial relief. *See Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001). In any event, statutory interim parole hearings can be delayed for any number of reasons, including staffing shortages, travel restrictions, and lockdowns, and Petitioner has not provided any evidence to substantiate his claim that the delay was due to his DHO proceedings. Moreover, although Petitioner suggests his interim hearing was originally scheduled for May 26, 2021, the Parole Commission records reflect the hearing was to be held on USP Beaumont's July 2021 docket, well after the DHO proceedings concluded on April 30, 2021. Exhibit B, Attachment 10. Accordingly, any delay does not warrant habeas relief because it was inconsequential, reasonable, and nonprejudicial. *See Dunne v. Rios*, No.

06-cv268, 2006 WL 3843559, at *2 (E.D. Ky. Dec. 29, 2006); *Sutherland v. McCall*, 709 F.2d 730, 733 (D.C. Cir. 1983).

To the extent the Petition argues the Parole Commission improperly relied on this incident report to deny parole, such an argument is also without merit. The Parole Commission's factual findings are committed to its discretion and not subject to judicial review. *See Maddox v. U.S. Parole Comm'n*, 821 F.2d 997, 1000 (5th Cir. 1987); *Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178, 1185 (8th Cir. 1990); *Roberts v. Corrothers*, 812 F.2d 1173, 1179-80 (9th Cir. 1987). Here, the Parole Commission clearly acted within its discretion by crediting the DHO's appropriate findings. Petitioner cannot now complain of the consequences resulting from his actions.

*Motion for Continuance Seeking Discovery*

After Respondent filed an Answer to the Show Cause Order in this case, Petitioner filed a Motion for Continuance seeking discovery. Petitioner requests a stay so he can obtain still photos from the surveillance video which was part of the disciplinary hearing and certain Parole Commission documents.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the court may permit a habeas petitioner access to discovery upon a showing of "good cause." Rules Governing Section 2254 Cases in the United States District Courts, Rule 6(a); *see Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (applying Rule 6's standards in a § 2241 case and noting "[t]here is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case"). "A petitioner demonstrates 'good cause' under Rule 6(a) 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be

15

able to demonstrate that he is ... entitled to relief.'" *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (quoting Bracey, 520 U.S. at 908–09). "A petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Given Petitioner admitted his culpability in the disciplinary violation, Petitioner has not demonstrate good cause for permitting additional discovery of still photos from the surveillance video. The same is true for Petitioner's request for certain Parole Commission documents. Respondent has provided all relevant Parole Commission documents as exhibits attached to its Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Petitioner appears to seek a "Final Decision" document resolving his 2020 request to reopen his case. This appears to be a document that does not exist based on a review of the records provided. The Parole Commission has no obligation to issue a "Final Decision" in this context. Petitioner's Motion for Continuance (doc. #8) seeking discovery is denied.

Recommendation

Petitioner's habeas application filed pursuant to 28 U.S.C. § 2241 should be denied.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of February, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE